# The Delaware Insurance Company *versus* The Quaker City Insurance Company.

# The Delaware Insurance Company *versus* The Commonwealth Insurance Company.

1. The insurer acquires an insurable interest in the property insured which he may protect by a reinsurance.

2. A reinsurer is only liable for the amount for which the insurer is legally liable, and may make the same defence against the original underwriter which he might legally have made.

3. The original insured has no interest in the contract for reinsurance, it being only between the insurer and reinsurer.

4. In the case of a technical total loss, by the abandonment the salvage passes to the insurer, and according to its value reduces practically the amount to be paid by the underwriter, and the reinsured in settling with the insurer is clearly entitled to this credit.

ERROR to the District Court of *Alleghany County.*

[Putney *v.* Collins et al.]

The opinion of the court was delivered by

READ, J.—The insurer acquires an insurable interest in the property insured, which he may protect by a reinsurance. This is a contract of indemnity, and the reinsurer is only liable for the amount for which the insurer is legally liable, and the reinsurer may make the same defence against the original underwriter which he might legally have made. The original insured has therefore no interest in the reinsurance, the latter being a contract only between the insurer and reinsurer, and over which they necessarily possess the entire and absolute control. In the case of a technical total loss, by the abandonment the salvage passes to the insurer, and according to its value reduces practically the amount to be paid by the underwriter, and the reinsurer in settling with the insurer is clearly entitled to this credit whatever it may be. The reinsurer has therefore a deep interest in the disposition of the salvage, and has a right to ask that it should be prudently and carefully managed. The disposition of the salvage may therefore become the subject of consultation and agreement between the underwriter and the reinsurer, and that appears to have occurred in the present case.

The cotton saved from the wreck of the Grape Shot in the Ohio was, with the assent of the reinsurers, brought to Philadelphia and there sold. The reinsurers desired to have it sold for cash, and so informed the plaintiffs—and when advised that a portion of it had been sold for Ripka's note instead of cash, they told the plaintiffs they had no confidence in his paper, and requested the plaintiffs to sell it in the market for what it would bring, which the plaintiffs promised to do.

These facts have been found by the jury, and it appears clear that whatever loss was sustained in consequence of a breach of the contract, by the plaintiffs not selling any part of Ripka's paper, should fall upon the plaintiffs and not upon the reinsurers. This is the whole case.

Judgment affirmed.